## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SRI DEVI GADE<br><br>     PLAINTIFF,<br><br>V.<br><br>MARKWAYNE MULLIN,<br>SECRETARY OF THE DEPARTMENT<br>OF HOMELAND SECURITY<br><br>JOSEPH B. EDLOW DIRECTOR OF<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br><br>     DEFENDANTS. | No. |

## COMPLAINT FOR WRIT OF MANDAMUS

# I. INTRODUCTION

This is a civil action brought by Plaintiff Sri Devi Gade to compel Defendants, officers of the United States, to adjudicate Plaintiff's Form I-765, Application for Employment Authorization (Receipt No. EAC2690046279), which has been unreasonably delayed.

# II. PARTIES

Plaintiff Sri Devi Gade filed Form I-765, Application for Employment Authorization (EAC2690046279), which is the basis of this complaint. Plaintiff resides in Medway, Massachusetts.

Defendant MARKWAYNE MULLIN is the Secretary of the Department of Homeland Security ("DHS"). Secretary Mullin is sued in his official capacity. DHS has jurisdiction over the U.S. Citizenship and Immigration Services ("USCIS"), the agency responsible for adjudicating Plaintiff's pending application.

Defendant JOSEPH B. EDLOW is the Director, USCIS which adjudicates immigration applications. He is sued in his official capacity.

# III. JURISDICTION AND VENUE

Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action under 5 U.S.C. § 701 *et seq*., the Administrative Procedure Act;

and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty. The Court also has jurisdiction to declare the actions of USCIS illegal under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff currently resides in Medway, Massachusetts and no real property is involved in this action.

## IV. LAW

Employment authorization for H-4 dependent spouses is authorized under 8 C.F.R. § 274a.12(c)(26). An H-4 spouse seeking employment authorization must file Form I-765, Application for Employment Authorization, supported by evidence of qualifying H-1B principal status. USCIS regulations govern adjudication of EAD applications under 8 C.F.R. § 274a.13. While automatic extensions exist in limited categories, H-4 (c)(26) applicants are not granted indefinite continued eligibility absent adjudication. Agency delay prevents the applicant from obtaining employment authorization and directly undermines the regulatory framework that contemplates timely adjudication.

The Administrative Procedure Act commands that agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). Agency action that is "unreasonably delayed" shall be compelled by a reviewing court. 5 U.S.C. § 706(1). When an immigration application remains pending far beyond the normal

processing timeframe, without final agency action or a permissible justification for prolonged inaction, such delay constitutes unlawfully withheld and unreasonably delayed action under the APA.

Federal district courts have jurisdiction to compel agency action through mandamus. 28 U.S.C. § 1361. Mandamus relief is appropriate where the plaintiff demonstrates (1) a clear right to the relief sought, (2) a plainly defined and nondiscretionary duty on the part of the agency to act, and (3) lack of any other adequate remedy. Courts consistently recognize that while the ultimate decision may involve agency discretion, the duty to process and reach a determination is non-discretionary. The government may not accept a properly filed I-765 and allow it to sit without adjudication for an excessive period when regulations and statutory framework require timely action.

## V. STATEMENT OF FACTS

### BACKGROUND

Plaintiff Sri Devi Gade is an Indian national lawfully present in the United States in valid H-4 dependent status and residing in Medway, Massachusetts. She has resided in the United States for approximately ten years and has been a resident of the Commonwealth of Massachusetts for nine of those years.

Plaintiff is the spouse of an H-1B nonimmigrant worker, Naga Suresh Akramsetty, whose principal H-1B petition (Receipt No. IOE0935037829) was

approved by USCIS on April 7, 2026, with validity from December 19, 2025 through December 8, 2028.

On December 19, 2025, Plaintiff filed Form I-765, Application for Employment Authorization (Receipt No. EAC2690046279), with USCIS under eligibility category (c)(26) as the H-4 spouse of an H-1B nonimmigrant. The application was filed concurrently with Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status (Receipt No. EAC2690046280), and her spouse's principal Form I-129 H-1B petition.

USCIS issued Notices of Action (Form I-797C) for both the Form I-765 and Form I-539 on December 24, 2025, confirming receipt.

Plaintiff timely filed her renewal applications well in advance of the expiration of her existing Employment Authorization Document (Card No. SRC2305650606), which expired on March 31, 2026. USCIS has not issued any Request for Evidence, Notice of Intent to Deny, biometrics appointment notice requiring further action, or any other communication requiring further action from Plaintiff with respect to her Form I-765.

As of the date of this filing, Plaintiff's Form I-765 application (EAC2690046279) has been pending since December 19, 2025, nearly five months, and remains unadjudicated approximately six weeks after the expiration of her existing Employment Authorization Document on March 31, 2026.

USCIS issued the approval notice for her spouse's concurrently filed Form I-129 H-1B petition on April 7, 2026, under Premium Processing, but has taken no action on Plaintiff's Form I-765. Although Plaintiff's Form I-765 and Form I-539 were filed as a bundled package with her spouse's Premium Processing H-1B petition and were therefore properly before USCIS for concurrent adjudication, USCIS adjudicated only the principal H-1B petition and failed to adjudicate the bundled H-4 and EAD applications, leaving Plaintiff's applications unadjudicated despite the agency's contemporaneous review of the very file in which they were lodged.

Because Plaintiff's Form I-765 was filed after the October 2025 regulatory change eliminating the automatic 540-day extension of expiring EADs for the relevant categories, Plaintiff received no automatic extension of her prior EAD upon its March 31, 2026 expiration. Without adjudication, Plaintiff is unable to work, unable to mitigate the cascading financial and medical harms set forth below, and unable to accept any new employment to replace the position she has now lost. Plaintiff has made diligent and exhaustive efforts to resolve the delay through every available administrative channel.

Plaintiff filed a USCIS Expedite Service Request (SR #43138935) on April 8, 2026, citing public-interest grounds, and the same day submitted supplemental documentary evidence to the Vermont Service Center liaison email

(vsc.ncscfollowup@dhs.gov), including a notarized manager support letter, an HR-issued employment verification letter, USCIS receipt notices, and proof of the expired EAD.

Plaintiff also sought the assistance of two separate United States Senate offices. Plaintiff contacted Senator Elizabeth Warren's office on April 7, 2026, and followed up on April 9, 2026; neither communication received any response, and Plaintiff received no confirmation that a congressional inquiry was opened. Plaintiff contacted Senator Edward J. Markey's office on April 9, 2026, and that office opened a congressional inquiry with USCIS on April 10, 2026.

On May 4, 2026, Plaintiff filed a Request for Case Assistance (DHS Form 7001) with the U.S. Citizenship and Immigration Services Ombudsman (CIS Ombudsman Request No. 20260204426). The Ombudsman's acknowledgement advised that the request may be closed if USCIS confirms a duplicate congressional inquiry on the same receipt number, leaving Plaintiff without an assured independent escalation channel.

Despite these efforts, USCIS has not adjudicated Plaintiff's application, issued any Request for Evidence, or provided any substantive response.

As Senator Markey's Constituent Services Director confirmed in writing on May 4, 2026, the congressional inquiry remained "active in the system" but unanswered, and the office advised that it had "no way to further escalate" and that

any additional expedite request would be placed "at the very back of the queue."

The USCIS Contact Center's stated ten-day response goal for the expedite inquiry was exceeded by more than a month with no decision. Neither congressional intervention, the expedite request, the Vermont Service Center supplemental submission, nor the Ombudsman request has produced any adjudicative action on Plaintiff's Form I-765.

## IRREPARABLE HARM AND PROFESSIONAL HARDSHIP

Plaintiff has been employed full-time by Replimune Group, Inc., a clinical-stage biotechnology company headquartered in Massachusetts, since August 2, 2021, in the position of Senior Associate, Quality Systems, based at the company's Framingham, Massachusetts facility.

In that role, Plaintiff earned an annual base salary of $112,201.70, plus a 12.5% discretionary bonus and full company-paid health benefits, including health insurance covering her family.

Plaintiff's role involved managing FDA-regulated documentation in the company's Electronic Document Management System, tracking deviations, change controls, and CAPAs, and supporting Quality Systems reviews and audits in connection with the company's Biologics License Application (BLA) for RP1 (vusolimogene oderparepvec) in combination with nivolumab for the treatment of advanced melanoma.

The BLA had an FDA PDUFA target action date of April 10, 2026, and Plaintiff's expedite request to USCIS, submitted on April 8, 2026, cited public-interest grounds tied to that pending review.

On March 31, 2026, Plaintiff's existing Employment Authorization Document expired. Because Plaintiff's pending Form I-765 had not been adjudicated and no automatic extension applied under the post-October 2025 regulatory framework, Plaintiff's employer placed her on unpaid leave shortly thereafter, despite her continued lawful H-4 status.

On April 16, 2026, following an adverse FDA regulatory outcome on April 10, 2026 with respect to the company's pivotal BLA resubmission, Replimune Group, Inc. initiated a mass layoff.

Under the federal WARN Act, Plaintiff would otherwise have been entitled to approximately sixty days of pay in lieu of notice, totaling approximately $21,000, covering the period from mid-April through mid-June 2026. June 16, 2026 therefore represents a critical financial cliff: that is the date on which the sixty days of WARN Act payments Replimune Group, Inc. would otherwise have provided—totaling approximately $21,000—will be exhausted. After that date, Plaintiff will have no remaining wage-replacement income from her former employer, no severance, no employer-sponsored health coverage, and, absent adjudication of her Form I-765, no lawful means of replacing that income through new employment.

Plaintiff's employer has informed her, in writing, that it has taken the position that she is ineligible for both the WARN Act payments and the severance package because she does not possess a valid Employment Authorization Document. The employer's withholding of these earned compensation amounts is a direct and immediate consequence of USCIS's failure to adjudicate Plaintiff's Form I-765.

The harm caused by the continued delay is not limited to lost wages. Because Plaintiff cannot lawfully accept new employment without a valid EAD, she is foreclosed from mitigating her loss by securing replacement work, notwithstanding that she is actively seeking new opportunities and remains in valid H-4 status.

The financial consequences are immediate: Plaintiff has lost her sole source of income, the family has lost employer-sponsored health coverage, and Plaintiff is foreclosed by law from accepting replacement employment until USCIS adjudicates her Form I-765.

The continued delay also threatens Plaintiff's family's medical stability. Plaintiff's spouse, Naga Akramsetty, underwent specialized surgical care (Bronchoscopy and Mediastinoscopy) at MetroWest Medical Center in October 2022 to address serious infiltrates and lymphadenopathy.

Plaintiff's employer-sponsored health insurance has served as the family's primary medical safety net, providing the comprehensive coverage and specialized provider access used by the family, including the medical needs of the couple's

young daughter. The loss of Plaintiff's employer-sponsored coverage, a direct consequence of the lapse in work authorization and the resulting termination of employment, leaves the family vulnerable to a substantial gap in medical care that her spouse's plan alone cannot cover.

Plaintiff timely filed her application, has completed every step required of her, remains in lawful H-4 status, and has exhausted every available administrative channel, including a USCIS expedite request, a Vermont Service Center liaison submission, a congressional inquiry, and a CIS Ombudsman case-assistance request, without obtaining adjudication or any reasoned explanation for the continued delay.

Specifically, and despite Plaintiff's pursuit of every available administrative channel, including USCIS Expedite Service Request No. SR #43138935, two separate Congressional inquiries submitted through the offices of Senator Edward J. Markey and Senator Elizabeth Warren, and CIS Ombudsman Request No. 20260204426, USCIS has provided no estimated adjudication timeline, no Request for Evidence, and no substantive response of any kind in response to repeated inquiries, leaving Plaintiff in indefinite limbo with no administrative remedy capable of producing adjudicative action on her Form I-765.

As a direct consequence of that delay, Plaintiff has lost her work authorization, her position, her employer-sponsored health coverage, and her ability to mitigate

those losses by accepting alternative employment.

## VI. FIRST CLAIM FOR RELIEF

MANDAMUS TO COMPEL ADJUDICATION of I-765 APPLICATION

Plaintiff incorporates by reference all preceding paragraphs.

28 U.S.C. § 1361 grants district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain mandamus relief, a plaintiff must establish: (1) a clear right to the performance of the act requested; (2) that the defendant has a clear, non-discretionary duty to act; and (3) that no other adequate remedy exists. See *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

Plaintiff has a clear right to a timely adjudication of her employment authorization (Form I-765) application. Employment authorization for H-4 spouses is governed under 8 C.F.R. §§ 274a.12(c)(26) and 274a.13, which contemplate adjudication upon filing.

Plaintiff filed Form I-765 on December 19, 2025 (Receipt No. EAC2690046279). Approximately five months have passed with no decision. USCIS has taken no substantive action on Plaintiff's expedite request (Service Request No. 43138935), submitted on April 8, 2026, despite supplemental evidence submitted to the Vermont Service Center the same day and follow-up congressional inquiries by the offices of Senator Edward J. Markey and Senator Elizabeth Warren.

Plaintiff's prior Employment Authorization Document expired on March 31, 2026; she lost her position at Replimune Group, Inc. in a mass layoff on April 17, 2026; and she has been denied WARN Act payments and severance solely because she lacks a valid EAD. Plaintiff has no alternative adequate remedy. Mandamus relief is therefore proper.

## VII. SECOND CLAIM FOR RELIEF

VIOLATION OF ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 555, 706, *et seq.*

Plaintiff incorporates by reference all preceding paragraphs.

The Administrative Procedure Act allows a Court to "compel an agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). *See also Liu v. Chertoff,* No. CV-06-1682-ST, 2007 WL 2435157, *8 (D. Or. Aug. 29, 2007) (because federal courts routinely assess the reasonableness of the pace of agency action under the APA, "this court believes a meaningful standard exists against which to judge defendants' actions or lack thereof with regard to Plaintiffs 485 application.") (*citing Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999)).

Here, Plaintiff filed Form I-765 on December 19, 2025. Approximately five months have passed, while Plaintiff suffers catastrophic, irreversible harm: loss of work authorization on March 31, 2026, placement on unpaid leave, termination of

employment in the April 17, 2026 Replimune mass layoff, employer denial of approximately $21,000 in WARN Act payments and severance based solely on the lack of a valid EAD, loss of employer-sponsored health insurance for Plaintiff's family, and statutory inability to mitigate by accepting replacement employment. Plaintiff's expedite request (SR #43138935) and two congressional inquiries remain unanswered. This constitutes agency action "unreasonably delayed," in violation of 5 U.S.C. §§ 555(b) and 706(1).

## VIII. PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiff prays that the Court:

(a)     Assume jurisdiction over this matter;

(b)     Declare Defendants' actions unlawful;

(c)     Order Defendants to adjudicate Plaintiff's Form I-765 within 15 days.

(d)     Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

(e)     Grant Plaintiff any other relief this court deems just and proper at law and in equity.

Respectfully Submitted,

Rosa Villanueva, Esq.

Dated: May 18, 2026